-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NELSON ROJAS,

        Petitioner,

    -v-

UNITED STATES OF AMERICA,

        Respondent.

**DECISION AND ORDER**
08-CV-0075A
03-CR-0034A

---

Petitioner, Nelson Rojas, who was sentenced by this Court on December 5, 2006, following a plea of guilty, to a term of imprisonment of 78 months and a five year period of supervised release,[1] has filed, *pro se*, a self-styled "Petition for Reduction of Sentence Under *United States v. Restrepo*, 802 F.Supp. 781 (E.D.NY. 1992)," *judgment vacated by* 999 F.2d 640, 644-47 (2d Cir.), *cert denied*, 510 U.S. 954 (1993). Rojas claims that as an alien subject to deportation upon release, he will be required to serve his sentence under harsher conditions than a United States citizens because he is ineligible for rewards offered for participation in the Residential Drug Program and because he cannot receive a timely half-way house release. Rojas, pursuant to *Restrepo*, requests a six month reduction of his sentence.

---

[1] The judgment of conviction was entered on December 20, 2006.

Initially, the Court notes that there no statutory basis offered by Rojas for the requested relief--*i.e.*, a downward departure following imposition of sentence-- nor is there a statutory basis for said relief.[2] Construing the pro se petition liberally, however, see *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir.2000), the Court considers whether Rojas may be entitled to relief under either 28 U.S.C. § 2255 or Rule 35 of the Federal Rules of Criminal Procedure.[3] The Court concludes that he is not.

Rule 35(a) provides that a court may correct a sentence within seven days after sentencing. The instant petition was filed more than a year after Rojas was sentenced. Rule 35(b) provides that the government can move for a downward departure within one year of imposition of a sentence on the basis of "substantial assistance." It is Roja, not the government, who has moved for a downward departure herein.

A motion under 28 U.S.C. § 2255 is equally not cognizable because the issue raised by Rojas does not rise to a constitutional violation or miscarriage of justice. See *Hernandez v. U.S.* 280 F.Supp.2d 118, 125 (S.D.N.Y.,2003) (citing *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996)).

---

[2]The Clerk of the Court had, simply for docketing purposes, docketed the instant petition as a motion to vacate the sentence under 28 U.S.C. § 2255. The Court, however, does not construe the instant motion as one brought under § 2255.

[3]18 U.S.C. § 3582(c) provides that after sentencing a sentence may not be modified after it has been term imposed, with a few express and limited exceptions. None of the exceptions set forth in § 3582(c) are applicable to Rojas.

2

Even if the merits of the petition could be considered by the Court, the petition must be denied. The District Court's decision relied on by Rojas, *Restrepo*, was reversed on appeal by the Second Circuit in 1993. *Restrepo*, 999 F.2d 640 at 644-47. The Second Circuit held that limitations or consequences complained of therein--*viz.*, that as a deportable alien the petitioner was not entitled to serve his sentence in a minimal security facility nor was he entitled to serve the last part of his sentence in a half-way house--did not provide a basis for granting a downward departure.

In *Hernandez*, the petitioner similarly argued that he was entitled to a downward departure because as a deportable alien he would not be able to serve the last part of his sentence in a minimum security facility. Relying on the Second Circuit's decision in *Restrepo*, the district court held that this was "'an inappropriate basis for departure.'" *Hernandez*, 280 F.Supp.2d at 125 (quoting *Restrepo*, 999 F.2d at 645-46) and (citing *United States v. Adubofour*, 999 F.2d 639, 640 (2d Cir.1993) ("noting that ineligibility of deportable alien to serve latter part of sentence in halfway house is not sufficient ground for downward departure"). *See also U.S. v. Duque*, 2007 WL 4315755, at *1 (December 10, 2007) ("The collateral effects of deportability- e.g., '(1) the unavailability of preferred conditions of confinement, [and] (2) the possibility of an additional period of detention pending deportation following the completion of sentence'-generally do not justify a departure from the Guidelines range.") (citing

3

*Restrepo*, 999 F.2d 640, 644 (2d Cir.1993); and *United States v. Wills*, 476 F.3d 103, 107 (2d Cir.2007)); *Martin-Camacho v. United States*, 1998 WL 352313, at *4 (S.D.N.Y., Aug. 29, 2000) (the Supreme Court's decision in *Koon v. United States*, 518 U.S. 81 (1996), did not invalidate the Second Circuit's holding in *Restrepo*); *Rasool v. United States*, 1999 WL 441480, at *2 (E.D.N.Y. May 25, 1999) (ineligibility for transfer to minimum security facility not an appropriate basis for departure); *Martin-Camacho v. United States*, 1998 WL 352313, at *1- *2 (E.D.N.Y. June 24, 1998) (ineligibility for "good time" credit insufficient for departure); *Tsang v. United States*, 1997 WL 630182, at *1 (S.D.N.Y. Oct. 9, 1997) (ineligibility for pre-release custody not a mitigating factor at sentencing); *Osijo v. United States*, 1997 WL 139008, at *1- *2 (E.D.N.Y. Mar. 12, 1997) (ineligibility for home confinement, halfway house, furlough, minimum security facility or drug rehabilitation an inadequate basis for departure). *But see U.S. v. Sutton*, 973 F.Supp. 488, 495 (D.N.J.,1997) (*Restrepo*'s "holding that a court is categorically excluded from considering [condition of confinement] factors does not, in the Court's estimation, survive [the Supreme Court's decision in] *Koon* [, 518 U.S. 81 (1996)]").

Accordingly, even if the Court had a statutory basis upon which to grant petitioner's request for a reduced sentence, the Court would deny the request as without merit.

IT IS HEREBY ORDERED that the petition for a reduction of sentence is denied;

FURTHER, any appeal from this order would not be taken in good faith and therefore leave to appeal as a poor person is denied. If petitioner wishes to appeal he must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

*/s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: Feb. 19, 2008